LARRAT
vs.
CARLIER.

---

### LARRAT vs. CARLIER.

A cause will be continued though the plaintiff offer to admit the witness would swear to a certain fact.

THE defendant prayed a continuance on an affidavit stating a certain fact which he expected to prove by the absent witness.

*Mazureau* for the plaintiff. I will admit, at the trial, the fact to have been sworn to by the witness.

*Brown* for the defendant. If the counsel for the plaintiff will admit the existence of the fact, we have no objection to proceed to trial. But if the fact is only admitted as if sworn to, and witnesses are to be introduced to contradict it, by the detail of circumstances from which it is expected to draw an inference that the fact cannot have existed, and cannot have been sworn to without perjury, we will want the absent witness, in order that by giving his testimony with the same par-

ticularity he may show that he is entitled to belief.

*By the Court,* MARTIN, *J. alone.* When circumstances exist which give rise to suspect that a party insists on the presence of his witness at the trial for the sole purpose of delay, the court may impose terms on him. In this case, although the suit has been a considerable time on the docket, it does not appear that it ever was continued on the affidavit of the defendant. He has taken every legal means in his power to have the witness here, he not only subpœnaed him, but has taken process of attachment against his person, he may therefore demand the continuance *ex debito justitiœ.*

IF any term could be imposed, perhaps those offered by the plaintiff's counsel could not be considered too hard. I am however unable to recollect any case in which the court has ever gone so far, in Great Britain or the United States: except in the state of Massachusetts, in which, by a rule of the Supreme Court, the party praying a continuance, cannot have it, if his opponent offers what is now proposed to the defendant. *Amer. Precedents,* 570. I am unwilling to say that this rule is an improper one, but, I cannot impose it in a particular case, in which the refusal to accept the terms is the only ground of suspicion.

CONTINUANCE GRANTED.